**G & M OIL COMPANY, et al., Plaintiffs,**

v.

**GLENFED FINANCIAL CORP., Defendant.**

Civ. A. No. R–88–2884.

United States District Court, D. Maryland.

Jan. 10, 1991.

Norris C. Ramsey, Baltimore, Md., for plaintiffs.

James L. Shea, Venable, Baetjer and Howard, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Pending before the Court in the above-captioned matter is defendant's ("Glenfed") motion for summary judgment on the negligent misrepresentation and promissory estoppel counts of the second amended complaint. The motion has been fully briefed and responded to, and the Court now rules without need for a hearing pursuant to Local Rule 105, subd. 6 (D.Md.1989). For the reasons set forth below, Glenfed's motion will be granted.

On December 21, 1989, the Court entered a Memorandum and Order (hereinafter "Memorandum") granting summary judgment on defendant's behalf on the counts in the amended complaint regarding all breach of contract issues; the breach of duty of good faith issue; and the issue regarding breach of the duty of care in the processing of the loan application. 782 F.Supp. 1078. The Court permitted plaintiff ("G & M") to amend further its complaint to clearly and properly state claims for negligent misrepresentation and promissory estoppel. The factual background of this litigation was set forth in the Memorandum and need not be restated. Plaintiff did in fact file a second amended complaint setting forth claims based on a theories of negligent misrepresentation and promissory estoppel and these remaining issues are the basis of defendant's summary judgment motion.

*Standards for Summary Judgment*

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure serves the important purpose of "conserv[ing] judicial time and energy by avoiding unnecessary trial and by providing a speedy and efficient summary disposition" of litigation in

which the plaintiff fails to make some minimal showing that the defendant may be liable on the claims alleged. *Bland v. Norfolk & Southern R.R. Co.*, 406 F.2d 863, 866 (4th Cir.1969). The applicable standards for analyzing a motion for summary judgment under Rule 56 are well-established. The defendant[1] seeking summary judgment bears the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. In determining whether the defendant has sustained this burden, this Court must consider whether, when assessing the evidence in the light most favorable to the plaintiff, a "fair-minded jury could return a verdict for the plaintiff...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Pulliam Investment Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987). That is, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a motion for summary judgment. *Id.; see also Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984).

## ANALYSIS

### A. *Statute of Limitations*

As a preliminary matter, the Court must determine whether G & M's remaining claims satisfied the Maryland statute of limitations. Glenfed claims: 1) that G & M's cause of action alleging negligent misrepresentation does not relate back to the original complaint, and 2) that even if the cause of action relates back, the original complaint was filed more than three years after the alleged wrongs underlying G & M's promissory estoppel and negligent misrepresentation claims, and, therefore, is barred by the Maryland statute of limitations.

The original complaint in this case was filed on August 24, 1988, alleging a breach of contract and breach of the duty of good faith and fair dealing arising out of the

business dealings between Glenfed and G & M. On April 18, 1989, G & M filed an amended complaint in which the breach of good faith and fair dealing claim of the original complaint was replaced with a claim that alleged the breach of various duties but which did not delineate the specific tort theories upon which G & M was relying. In recognition of the fact that G & M had not clearly stated its claims for negligent misrepresentation and promissory estoppel, the Court in its Memorandum directed plaintiff to file a second amended complaint properly stating such claims. On January 10, 1990, plaintiff filed a second amended complaint that delineated its claims based on the theories of negligent misrepresentation and promissory estoppel.

### 1. Relation Back

Fed.R.Civ.P. 15(c) provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Glenfed claims that G & M's negligent misrepresentation claim that was first suggested in its amended complaint dated April 18, 1989 and that was stated explicitly in its second amended complaint dated January 10, 1990 does not relate back to the original complaint filed on August 24, 1988. Glenfed's position is premised on its assertion that the negligent misrepresentation claim arises out of different conduct than the claims that were asserted in the original complaint and further that the original complaint did not provide Glenfed with proper notice with respect to a negligent misrepresentation claim.

G & M's negligent misrepresentation claim is based on theory that Glenfed communicated its false intentions to make a loan to G & M and that such misrepresentations were due to Glenfed's negligence in failing to ascertain that G & M was not

---

1. The analysis is equally applicable, of course, to a motion for summary judgment made by a plaintiff.

qualified to receive a loan. In the original complaint, G & M alleged that "Glenfed communicated to G & M ... Glenfed's intent to provide G & M with the required financing...." Complaint at par. 7. The original complaint, however, makes no reference to any negligence by Glenfed in failing to ascertain that G & M was not qualified to receive a loan.

Glenfed was indisputedly put on notice by way of the original complaint that G & M was alleging that Glenfed stated its intentions to loan money to G & M. Additionally, the negligent misrepresentation claim and the claims in the original complaint both arise out of the business dealings surrounding G & M's loan application in 1985, and, therefore, clearly arise out of the same transaction. Because G & M's negligent misrepresentation claim clearly pertains to the same transaction as the original complaint, and because Glenfed clearly had notice that G & M was trying to enforce a claim based on Glenfed's representations with respect to the loan transaction, the negligent misrepresentation claim should relate back to the filing of the original complaint. *See Tiller v. Atlantic Coast Line R.R. Co.*, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945); *see also*, 6A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1497 (1990).

### 2. Maryland Statute of Limitations

In July and early August 1985, Glenfed made statements to G & M that provide the basis for G & M's negligent misrepresentation and promissory estoppel claims. On September 5, 1985, Glenfed definitively rejected G & M's loan application. As related above, G & M's negligent misrepresentation and promissory estoppel claims relate back to the original complaint filed on August 24, 1988. Glenfed claims that because the original complaint was filed antecedent to three years following the statements that provide the basis for G & M's claims, the claims are barred by the Maryland statute of limitations.

■ Under Maryland law "[a] civil action at law shall be filed within three years

from the date it accrues...." Md.Ann. Code, Cts. & Jud.Proc. Art, § 5–101. Glenfed claims that because the statements that form the basis of G & M's negligent misrepresentation promissory estoppel claims were made antecedent to three years before the filing of G & M's complaint, G & M's claims are barred by the statute of limitations.

■ Maryland courts have stated that a cause of action accrues under its statute of limitations "when the claimant in fact knew or reasonably should have known of the wrong." *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 619, 500 A.2d 641 (1985) (quoting *Poffenberger v. Risser*, 290 Md. 631, 636, 431 A.2d 677 (1981)). It is clear that G & M had no reasonable notice of any alleged wrong resulting from representations or promises made regarding the proposed loan transaction until Glenfed denied G & M's loan application on September 5, 1985. G & M's original complaint filed on August 24, 1988, therefore, was filed within three years of the date the claims accrued. Accordingly, G & M's claims are not barred by the Maryland statute of limitations.

### B. Negligent Misrepresentation

■ The elements of a negligent misrepresentation claim in Maryland are the following:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Weisman v. Connors*, 312 Md. 428, 444, 540 A.2d 783 (1988) (quoting *Martens Chevrolet, Inc. v. Seney*, 292 Md. 328, 337, 439 A.2d 534 (1982)).

The first element of a negligent misrepresentation claim has two parts: 1) the defendant must owe a duty of care to the plaintiff; and 2) the defendant must negligently assert a false statement. Glenfed asserts that G & M can neither establish that Glenfed owed it a duty of care nor that Glenfed asserted any false statements.

■ In the instant case, Glenfed's alleged failure to exercise due care resulted only in pecuniary loss to G & M. Maryland courts have adopted the view that in order for a duty of care to exist between parties involved in an arm's length commercial transaction involving pecuniary loss only, the parties must have a special relationship or intimate nexus. *Weisman*, 312 Md. at 443–448, 540 A.2d 783; *Jacques v. First Nat'l Bank*, 307 Md. 527, 534–35, 515 A.2d 756 (1986).

In its prior Memorandum, the Court granted summary judgment on plaintiff's claim that Glenfed failed to use reasonable care in the consideration and processing of G & M's loan application. In considering whether Glenfed owed G & M a duty of care, this Court reviewed the relationship between the parties against a backdrop of Maryland cases involving negligent misrepresentation among other issues, and recognized that G & M was represented by "undoubtedly competent counsel" throughout the entire loan process and concluded that "before the Court is a financing deal gone awry between two businesses, bargaining at arm's length and with their eyes open; no special duty can be imposed on either party in such a circumstance." Memorandum at 1083–1084. The Court's prior findings make it clear that no duty of care resulted from Glenfed's processing of the loan application.

■ G & M has failed to identify any other basis for a duty of care in this case in any document filed with the Court. In response to Glenfed's motion, G & M only asserted that a duty of care may exist when one party has the right to rely on the other for information. This assertion, of course, begs the question because one party to an arm's length commercial transaction only has the right to rely on the other

party for information if a duty exists to provide accurate information. Because it is clear that even when the facts are viewed in a light most favorable to G & M, no reasonable jury could conclude that Glenfed owed G & M a duty of care, summary judgment must be granted with respect to G & M's negligent misrepresentation claim.

In addition to the fact that no reasonable jury could find that Glenfed owed G & M a duty of care; a review of the facts indicate that no reasonable jury could find that Glenfed had made any misrepresentation of past or present fact. By interrogatory, G & M identified the following allegedly false statements made by Glenfed: 1) a letter dated June 26, 1985 stating that Glenfed had the intent "to enter into a financing relationship with G & M ... subject to the following terms and conditions ...;" 2) a July 1, 1985 letter from Glenfed's counsel to G & M's counsel indicating the enclosure of a "questionnaire which must be completed in anticipation of a closing;" 3) an August 1, 1985 letter from Glenfed stating that "we have committed to finance G and M Oil Company ... subject to the terms and conditions on the attached letter dated June 26, 1985;" 4) indications from Glenfed representatives through August 1985 that led G & M to believe the loan was going to close; and 5) that Glenfed's August 30, 1985 representation that it was not going to make the loan because of G & M's failure to obtain proper insurance was pretextual.

First, it is clear that a negligent misrepresentation claim cannot be based on the alleged misrepresentation on August 30, 1985, because even if Glenfed misrepresented its reasons for not making a loan to G & M, G & M could not reasonably rely upon or have damages resulting from a representation relating the reasons for *not* making the loan.

Each of the other four alleged misrepresentations upon which G & M seeks to rely are statements of intention made by Glenfed. A necessary element of a negligent misrepresentation claim is that the misrepresentation be one of past or present

fact. *Weisman*, 312 Md. at 456, 540 A.2d 783. The Maryland Court of Appeals has recognized that "the negligent failure to properly communicate one's current intentions could be a negligent misrepresentation of a present fact." *Id.* In order to negligently misrepresent one's intentions, a party must mean, but mistakenly fail, to communicate intentions other than those actually communicated. *Id.*

G & M claims that Glenfed was negligent in communicating its intention to make a loan because Glenfed allegedly knew or should have known that a financing relationship would not occur based on information it had obtained. G & M confuses 1) the correct communication of one's intentions that result from one's negligence in forming one's intentions with 2) the incorrect communication of one's intentions resulting from one's negligence in communicating one's intentions. The latter is what G & M must prove as part of a negligent misrepresentation claim relying on misstated intentions. G & M's claim is nothing more than a claim that Glenfed failed to use reasonable care in the consideration and processing of G & M's loan request. As stated previously, the Court has already decided this issue in Glenfed's favor.

The *Weisman* Court concluded that a jury may not, as part of a negligent misrepresentation claim, consider representations where "there was no legally sufficient evidence from which the jury could have drawn a rationale inference that [the defendant] ... mistakenly expressed intentions or expectations which were at variance with his true state of mind at the time the representations were made." *Id.* Because G & M has failed to provide any evidence that Glenfed had any intentions that varied with those that were expressed to G & M, G & M has failed to provide any evidence of any misrepresentation of intention made by Glenfed. Because G & M offers no other misrepresentation by Glenfed upon which it could justifiably rely, summary judgment must be entered in favor of defendant with respect to the negligent misrepresentation claim.

**C. *Promissory Estoppel***

In the previous Memorandum issued in this case, the Court permitted G & M to amend further its complaint to clearly and properly state any promissory estoppel claim that it may have. G & M in fact amended its complaint, alleging certain promises by Glenfed that allegedly induced G & M to abstain from seeking other financing. Glenfed inquired into the alleged promises by way of interrogatory and now moves for summary judgment based on G & M's responses to the interrogatory answers. In its opposition to Glenfed's motion for summary judgment, G & M thoroughly fails to articulate any elements relating to its promissory estoppel claim.

██ The classic statement of promissory estoppel provides in relevant part that:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of a promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Restatement (Second) of Contracts § 90. *Maryland Nat'l Bank v. United Jewish Appeal Fed'n, Inc.*, 286 Md. 274, 281, 407 A.2d 1130 (1979).

A review of G & M's interrogatory answers show that at most G & M shows Glenfed made statements of intent conditioned on prerequisites that were not ever, and could not have been, met by G & M. No reasonable jury could find that such statements of intent qualified by unfulfilled conditions constitute a promise that Glenfed could reasonably expect to have induced action on the part of G & M. *See Union Trust Co. v. Charter Medical Corp.*, 663 F.Supp. 175 (D.Md.1986), *aff'd*, 823 F.2d 548 (4th Cir.1987).

Even assuming that Glenfed's statements did constitute a promise, in order to recover under a theory of promissory estoppel, G & M "must establish that its reliance on the defendant's promise was reasonable."[2] *RCM Supply Co. v. Hunter*

---

**2.** Comment b to the Restatement section pro-     vides that:

*Douglas, Inc.,* 686 F.2d 1074, 1078 (4th Cir.1982). As pointed out by Glenfed, G & M and its officers were very much aware of the uncertain prospects of any loan and knew that the conditions with respect to the loan had not been fulfilled. Moreover, G & M was an experienced sophisticated business that was represented by undoubtedly competent counsel throughout the loan application process. In recognition that sophisticated business entities don't enter into multimillion dollar transactions without a comprehensive writing, G & M's counsel sought an unconditional commitment letter from Glenfed. No such letter was ever executed by Glenfed. In light of these circumstances, the Court holds that G & M clearly could not reasonably rely on any alleged promise by Glenfed. *Id.; Union Trust,* 663 F.Supp. at 179.

Because it is clear that no reasonable jury could find either 1) that Glenfed made a promise that it could have reasonably expected to have induced action or forbearance on behalf of G & M, or 2) that G & M alleged reliance on Glenfed's alleged promises was in fact reasonable, summary judgment is warranted with respect to plaintiff's promissory estoppel claim. Accordingly, it is this 10th day of January, 1991, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion for summary judgment on the negligent misrepresentation and promissory estoppel counts of the second amended complaint is GRANTED; and

2. That defendant's motion to exclude testimony or, in the alternative, to compel and extend discovery is DISMISSED as MOOT.

The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the *reasonableness of the promisee's* reliance, on its definite and substantial character in relation to the remedy sought [and] on the formality with which the promise is made.... (emphasis added).